[Civ. No. 40555. Second Dist., Div. Four. July 6, 1973.]

ALEX MIRANDA, Plaintiff and Respondent, v.
DEPARTMENT OF HUMAN RESOURCES DEVELOPMENT,
Defendant and Appellant;
NORRIS INDUSTRIES, Real Party in Interest and Respondent.

[Civ. No. 40565. Second Dist., Div. Four. July 6, 1973.]

HECTOR ZÓRRERO, Plaintiff and Respondent, v.
UNEMPLOYMENT INSURANCE APPEALS BOARD,
Defendant and Appellant;
ALPHA BETA ACME MARKETS, INC., Real Party in Interest and
Respondent.

[Civ. No. 41781. Second Dist., Div. Four. July 6, 1973.]

KENNETH C. FREEMAN, Plaintiff and Respondent, v.
UNEMPLOYMENT INSURANCE APPEALS BOARD,
Defendant and Appellant;
McDONNELL DOUGLAS CORPORATION, Real Party in Interest and
Respondent.

(Consolidated Appeals.)

## COUNSEL

Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, Edward M. Belasco, Jerold A. Prod and Melvin R. Segal, Deputy Attorneys General, for Defendants and Appellants.

Gibson, Dunn & Crutcher, Willard Z. Carr, Jr., and Richard Chernick as Amici Curiae on behalf of Defendants and Appellants.

Henry R. Fenton, Jonathan B. Steiner, Weltner & Gorenfeld, Carol Kridner and Steven B. Nelvin for Plaintiffs and Respondents.

Levy & Van Bourg, Levy, Van Bourg & Hackler, Abe F. Levy and Jack Levine as Amici Curiae on behalf of Plaintiffs and Respondents.

No appearance for Real Parties in Interest and Respondents.

## OPINION

**JEFFERSON, J.**—Petitioners Miranda, Zorrero and Freeman sought writs of mandate seeking to vacate the decision of the Department of Human Resources Development (as to Miranda) and of the California Unemployment Insurance Appeals Board (as to Zorrero and Freeman), denying to petitioners unemployment insurance benefits. The trial court granted the writs, and the department and the board have appealed.

A brief preliminary discussion of the factual and procedural foundation underlying these disputes is necessary. The department is the statewide agency responsible for the administration of the unemployment insurance program contained in the California Unemployment Insurance Code (Unemp. Ins. Code). The program provides for the payment of economic sustenance to persons unemployed through no fault of their own. (Unemp. Ins. Code, § 100.) The board is the agency within the department handling appeals concerning the eligibility of applicants for benefits. California's program is certified for federal funding by the Secretary of Labor pursuant to the federal Social Security Act (42 U.S.C. §§ 501-503); it is also funded by California employers. The program's purpose is to protect persons from involuntary unemployment and the suffering caused thereby, and to promote general economic stability. (Unemp. Ins. Code, § 100.) The code is regarded as remedial social legislation. (*California Human Resources Dept.* v. *Java,* 402 U.S. 121 [28 L.Ed.2d 666, 91 S.Ct. 1347].)

The procedures of the department for making decisions concerning the eligibility of applicants for benefits and appeals from those decisions to board referees and to the appeals board, are set forth in Unemployment Insurance Code sections 1327-1336. Section 1327 provides: "A notice of the filing of a new . . . claim shall be given to the employing unit by which the claimant was last employed immediately preceding the filing of such claim, and the employing unit so notified shall submit *within 10 days* after the mailing of such notice any facts then known which may affect the claimant's eligibility for benefits." Section 1328 declares, in part, that "The facts submitted by an employer pursuant to Section 1327 shall

be considered and a determination made as to the claimant's eligibility for benefits. . . ."

These sections have been contained in the code in their present form since 1951, and the procedures set forth therein have been in the code since 1947.

There is an additional section, 1256, relating to eligibility, over which the present dispute has arisen. It provides: "An individual is disqualified for unemployment compensation benefits if the director finds that he left his most recent work voluntarily without good cause or that he has been discharged for misconduct connected with his most recent work.

"An individual is presumed to have been discharged for reasons other than misconduct in connection with his work and not to have voluntarily left his work without good cause unless his employer has given written notice to the contrary to the director [of the Department] *within five days after the termination of service,* setting forth facts to overcome the presumption. If the employer files such notice, the question shall immediately be determined in the same manner as benefit claims." (Italics added.)

Petitioner Miranda was terminated by his employer on February 8, 1971. He subsequently filed a claim for unemployment benefits at a department office. It is departmental procedure to schedule an interview, at which time eligibility is determined, about three weeks after the initial application. Miranda's employer informed the department on March 12, 1971, that Miranda had been fired for alleged misconduct. Miranda was interviewed by the department on March 15, 1971, and it was determined that he was eligible for benefits. He received a benefit check of $61. The employer appealed on March 22, 1971. A department supervisor reviewed the determination of eligibility, deciding that Miranda was guilty of misconduct and was thus ineligible for benefits. The petition for mandate followed.[1]

Petitioner Zorrero left his employment on January 22, 1971, and applied for compensation. His employer did not inform the department that he had allegedly left his employment without good cause until March 10, 1971. The department referee's decision denying him benefits was affirmed by the appeals board. His petition followed. Petitioner Freeman last

[1]Miranda proceeded in mandate without exhausting his administrative remedies on the ground that the denial of benefits was causing irreparable injury that could not be compensated by any eventual lump sum payment of benefits resulting from a successful appeal.

worked on September 9, 1970. The record before us indicates that he filed his application shortly thereafter, but does not tell us when the employer filed the notice that he had voluntarily terminated his employment without good cause.[2] In this matter, the appeals board reversed the referee and found Freeman ineligible. The petitioners, therefore, are all persons who left their employments or were terminated, and applied for benefits which were denied, despite the fact that their respective employers had not filed the five-day notice referred to in section 1256 of the code, as set forth above.[3]

The trial court construed section 1256 as clearly requiring employers, who wish to challenge an ex-employee's eligibility for unemployment insurance benefits because of misconduct or voluntary termination, to file notice [of facts sufficient to overcome the eligibility presumption] within five days *or* be precluded forever from raising the eligibility issue on the two grounds named in the section. Accordingly, the trial court ordered issuance of the writs, directing the department and the board to vacate their decisions denying these petitioners benefits, because their respective employers had failed to file the required five-day notice. They were further directed to reevaluate the eligibility of the petitioners for benefits without reference to misconduct or voluntary termination allegations, as these avenues of inquiry by the department had been closed by the employers' default.

The Attorney General contends that the trial court incorrectly interpreted section 1256 as containing a conclusive presumption against applicant disqualification for either misconduct or voluntary termination if the department had not received adequate notice to the contrary from the employer within the five-day period. He argues that the section 1256 presumption is not conclusive but rebuttable. ■ We agree that the presumption is rebuttable, and does not prevent an employer—or the department—from disputing eligibility on the two grounds mentioned after the five-day period.

The number of presumptions recognized as conclusive pursuant to California statutory law is very limited. Evidence Code section 620 states that

---

[2]The Attorney General apparently concedes that the Freeman employer did not file the notice within five days of termination.

[3]Both Miranda and Zorrero filed their petitions for mandate in the trial court "on behalf of themselves and others similarly situated," but the trial court declined, on equitable grounds to treat either matter as a class action, although the court indicated that "There is no question but what a very logical argument can be made to the effect that this [Miranda] is a legitimate class action."

"[t]he presumptions established by this article, and all other presumptions *declared by law to be conclusive,* are conclusive presumptions." (Italics added.) Certain presumptions described as conclusive are then set forth in subsequent Evidence Code sections, but the presumption of Unemployment Insurance Code section 1256 is not among them. The language of section 1256 itself does not state that the presumption referred to therein is conclusive; in the absence of clear legislative direction, we cannot assume that the presumption under consideration here is to be interpreted as conclusive. It would appear, rather, to be a rebuttable presumption affecting the burden of proof. (Evid. Code, § 601.) We so conclude.

There are additional compelling reasons for our holding in these matters. The administrative procedures followed by the department have been in effect for a long period of time. Affidavits filed with this court indicate that each year literally thousands of determinations are made by the department in California denying ineligible applicants unemployment insurance without requiring that notice from the employer be filed within five days. The administrative procedures have been based on advisory opinions of the Attorney General that section 1256 contains a rebuttable presumption of eligibility, and no more than that. (20 Ops.Cal.Atty.Gen. 23, 27; 37 Ops.Cal.Atty.Gen. 18, 20.) Such opinions by the Attorney General, and resulting administrative interpretation in accordance therewith, are entitled to major consideration by the judiciary. (*D'Amico* v. *Board of Medical Examiners,* 6 Cal.App.3d 716 [86 Cal.Rptr. 245].)

We also note that the Fifth District of the Court of Appeal, in a recent published opinion, *Perales* v. *Department of Human Resources Dev.,* 32 Cal.App.3d 332 [108 Cal.Rptr. 167], filed May 14, 1973, has interpreted section 1256 as creating a rebuttable presumption affecting the burden of proof.

It is an elementary rule of statutory construction that various sections of a statute be harmonized, if possible, to result in an interpretation consistent with the fullest expression of legislative intent and, further, that interpretations resulting in absurdity or the overburdening of administrative officials for no valid reason be avoided. (See generally, 45 Cal.Jur.2d, Statutes, p. 533 et seq.)

In the *Zorrero* and *Freeman* cases the trial court based its decision solely upon its erroneous interpretation of section 1256, and therefore did not reach other issues. Those petitioners will therefore be entitled to new trials in the superior court.

In the *Miranda* case, the administrative procedure was never completed because Miranda filed his petition in the superior court without even appealing the departmental determination to a referee, as authorized by Unemployment Insurance Code sections 1328, 1332 and 1334.

In *Zorrero* (No. 40565) and *Freeman* (No. 41781) each judgment is reversed and the case remanded to the superior court for a new trial.

In *Miranda* (No. 40555) the judgment is reversed and the case remanded to the superior court, which shall remand the case to the department for the exhaustion of administrative remedies.

Files, P. J., and Dunn, J., concurred.

The petition of the plaintiffs and respondents for a hearing by the Supreme Court was denied August 29, 1973.