[Civ. No. 45234. Second Dist., Div. Five. June 26, 1975.]

ESTHER DU FOUR, Plaintiff and Appellant, v.
UNEMPLOYMENT INSURANCE APPEALS BOARD,
Defendant and Respondent;
ASSOCIATED CHARTER BUS COMPANY,
Real Party in Interest and Respondent.

864

COUNSEL

Aviva K. Bobb, Patricia M. Tenoso and Ezequiel Gutierrez, Jr., for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Willard A. Shank, Assistant Attorney General, Edward M. Belasco and Patric Hooper, Deputy Attorneys General, for Defendant and Respondent.

No appearance for Real Party in Interest and Respondent.

OPINION

KAUS, P. J.—This is an unemployment insurance case in which petitioner Esther Du Four contends that she has a right to judicial review of an adverse decision of a referee, as distinguished from the appeals board.

FACTS

In June 1972, after petitioner either quit or was laid off from her job, she filed a claim for unemployment insurance benefits with the Department of Human Resources Development (HRD). She received benefits for about two months; then, in August 1972 HRD notified her that she was disqualified for unemployment benefits because she had quit her most recent employment without good cause and refused an offer of suitable work without good cause. She was disqualified for future benefits for the statutory period of time and required to repay the benefits already granted.

Petitioner filed a timely appeal and a hearing on her appeal was held before a referee, who, in November 1972, affirmed the decision of the department.

Although not alleged in the petition, the administrative record shows that petitioner filed a late appeal to the Unemployment Insurance Appeals Board which decided only that petitioner had not shown good cause for the late filing. Petitioner concededly did not seek judicial review of the board's decision.

The board's demurrer to the petition in this action, directed against the referee's decision, was sustained and the case was dismissed.

## DISCUSSION

■ The procedure for review of adverse HRD decisions is straight forward. A dissatisfied applicant can appeal an adverse decision by a departmental representative to a referee who determines the matter of eligibility *de novo*. (Unemp. Ins. Code, § 1328.)[1] Petitioner had such a de novo review in this case.

An applicant may appeal an adverse decision of the referee by requesting board review within 10 days of the referee's decision. (§ 1334.) The board may decide the case on the record developed at the hearing before the referee or may take additional evidence. (§ 1336.) A decision of the appeals board is final, "except for such action as may be taken by a judicial tribunal as permitted or required by law." The right to petition for judicial review must be exercised within six months. (§ 410.)[2]

The procedure for judicial review of an administrative decision is set forth in Code of Civil Procedure, section 1094.5.

■ In contending that the decision of a referee is reviewable, petitioner relies on section 1334, which provides as relevant that "the decision [of the referee] shall be final unless, within 10 days after mailing of such decision, further appeal is initiated to the appeals board . . . ." Since Code of Civil Procedure, section 1094.5, provides for review of "any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, . . ." it follows, in petitioner's view, that a decision of the referee is reviewable.

---

[1]All references except as noted are to the Unemployment Insurance Code.

[2]Petitioner's attempted procedural end run around the board is clearly an effort to avoid her failure to seek judicial review within six months of the board's denial of her late appeal to it.

To reach this result, petitioner must turn the procedures for administrative review of an unemployment insurance claim inside out. Code of Civil Procedure, section 1094.5, does not purport to define a "final" administrative order, but, rather, sets forth the method and procedures for judicial review of such an order. A "final" department order for purposes of judicial review impliedly assumes compliance with the three-tier system of determination and review, and explicitly requires a board decision under section 410, which provides, as quoted, that "[a] decision of the appeals board is final, except for such action as may be taken by a judicial tribunal . . . ."

■ Petitioner finds authority to appeal from the decision of a referee in section 1336, which states that "[t]he director or any party to a decision by a referee *may* appeal to the appeals board from the decision." (Italics added.) The use of "may" in section 1336 is not intended to confer on an applicant or on the director the right to choose the forum in which the referee's decision will be reviewed. Rather, as should be obvious, the section merely states that additional review is permissive.

■ We note that although petitioner disagreed with the referee's decision, she offered no particularly compelling reason that she failed to appeal to the board within the 10-day period allowed.[3] Moreover, even assuming that petitioner had good cause for the late filing of an appeal with the board, she offered no explanation for failing to seek judicial review of the board's decision not to allow an appeal on the merits from the referee's decision, as was successfully done in *Gibson* v. *Unemployment Ins. Appeals Bd.,* 9 Cal.3d 494 [108 Cal.Rptr. 1, 509 P.2d 945]. She discusses at length the need for judicial review of administrative decisions—a matter not at issue in the unemployment insurance scheme—but the only *reason* that she furnishes for a rule allowing direct review of an adverse referee's decision is that the board "overturned an adverse Referee's decision and ruled in favor of the claimant in an average of only 7.1% of the cases."

There is predictably no case law to support petitioner's attempt to short-circuit the system for review of adverse unemployment insurance benefits decisions. *Miranda* v. *Department of Human Resources Dev.,* 33 Cal.App.3d 314, 317, footnote 1 [109 Cal.Rptr. 35], has nothing to do with this case. In *Miranda* one of three petitioners had not appealed an

---

[3]Petitioner included in her notice of appeal to the board the following explanation of her lateness: "My husband and I are divorce [*sic*] and he put in a change of address, therefore my mail sometimes goes to him. And he keeps it. I did not receive it in time."

adverse decision of the referee to the board. There, however, the issue was solely a legal question—the interpretation of section 1256 and not a factual determination in an individual case. A requirement that an applicant proceed through the administrative machinery in face of an established board interpretation of a statute would have been an exercise in futility.

Neither does *Fermin* v. *Department of Employment,* 214 Cal.App.2d 586 [29 Cal.Rptr. 642], apply to this case. There, an applicant filed a late appeal from a departmental decision to the referee who, while finding that the appeal was filed late, nevertheless ruled on the merits of the applicant's claim. The referee and the board affirmed the department's decision. (214 Cal.App.2d at p. 588.) Thus, the case was properly before the trial court after an appeal from an adverse decision of the board. Whether the referee, the board, the trial court and the appeals court could have stopped after concluding that the applicant did not show good cause for his late appeal is beside the point.

In conclusion, petitioner has furnished no facts as applied to her case that would justify judicial review of the referee's adverse decision, and has furnished no reasons for interpreting the Unemployment Insurance Code to permit judicial review from adverse referee's decisions at the discretion of the aggrieved applicant.

The judgment (order of dismissal) is affirmed.

Stephens, J., and Ashby, J., concurred.