[Civ. No. 10541. Third Dist. Mar. 28, 1963.]

FREDERICK COLLINS FERMIN, Plaintiff and Appellant, v. DEPARTMENT OF EMPLOYMENT, Defendant and Respondent.

Frederick C. Fermin, in pro. per., for Plaintiff and Appellant.

Stanley Mosk, Attorney General, and Walter J. Wiesner, Deputy Attorney General, for Defendant and Respondent.

SCHOTTKY, J.—This is an appeal from a judgment denying a writ of mandate entered after the superior court reviewed a determination by the California Unemployment Insurance Appeals Board of the Department of Employment that the claimant Frederick Collins Fermin was disqualified to receive unemployment insurance benefits for certain weeks.

The record shows that until March 31, 1960, Fermin was employed as a drilling machine operator by Friden, Inc. He voluntarily left his employment at that date and he received disability insurance benefits during the period May 1, 1960, until October 27, 1960.

On October 31, 1960, Fermin registered for work in the San Antonio office of the Texas Employment Commission. On December 1, 1960, the Department of Employment mailed a notice to Fermin in San Antonio which informed him that he was disqualified from receiving benefits for a "five-week period," commencing October 30th, because he had volun-

tarily left his last employment without good cause. On November 6, 1960, Fermin went to Mexico City where he hoped to secure employment. He returned to San Antonio where he renewed his claim on December 20, 1960, at which time he received notice of the determination of the California Department of Employment. This notice informed Fermin that he had 10 days to appeal and that for good cause the time to appeal could be extended. Fermin spent Christmas with his parents in Texas and then returned to California. He registered for work on January 3, 1961, in Los Angeles. He next registered for work in Richmond on January 10, 1961. He then went to Seattle, Washington, where he filed a renewed claim on January 24, 1961. He finally received benefits for the weeks subsequent to January 28, 1961.

On March 8, 1961, Fermin appealed to a referee the determination of the department that he was disqualified for benefits for a five-week period beginning October 30, 1960, and the determination that he was ineligible for benefits for a four-week period commencing December 18, 1960, and for a one-week period commencing January 15, 1961. The referee and the appeals board affirmed the decision of the department, as did the superior court.

 We have concluded that the judgment should be affirmed. The order of the department made on December 1, 1960, that Fermin was disqualified for benefits was final before an appeal was taken. Section 1328 of the Unemployment Insurance Code provides that a claimant may appeal from a determination as to his eligibility for benefits within 10 days from the mailing or personal service of notice of determination. The 10-day period may be extended for good cause. As stated in the memorandum opinion of the trial court: ". . . The notice plainly advised him that the appeal time could be extended or a late filing permitted for good cause. He sought no extension of time nor did he file his appeal until March 8, 1961. In the interim he had registered on various occasions with several offices of the Department of Employment and had ample opportunity to file an appeal. Since he did not comply with the time limitation fixed in section 1328 in the Unemployment Insurance Code, the department had no authority to entertain an appeal. This time limitation is applicable by law to all persons desiring to file appeals from departmental determinations and the law makes no exception in Mr. Fermin's case."

 The determination that Fermin was ineligible for

benefits under section 1260 of the Unemployment Insurance Code for a four-week period commencing December 18, 1960, and for a one-week period beginning January 15, 1961, was also correct.

Section 1260 reads in part that an individual disqualified under section 1256 (this section refers to a person who leaves his employment voluntarily and imposes a five-week disqualification) shall be required to report at a public employment office and an additional week of disqualification shall be imposed for each week during which he does not report unless good cause for such failure is shown.

The record discloses Fermin registered for work on: October 31, 1960; December 24, 1960; January 7, 1961; January 14, 1961; and January 21, 1961.

The section requires that the disqualified claimant report to a public employment office each week during the period of disqualification. Unless he does so he is not eligible for benefits and an additional period of disqualification is imposed. The trial court determined that the section means he must report to a public unemployment office for five weeks before he is eligible for benefits. Fermin's fifth visit was on January 21, 1961, and thus he may not complain that he was not granted benefits before the 28th of January. Certainly, he was not entitled to benefits at an earlier date.

We believe that the interpretation of the statute by the trial court, which was also the determination of the referee and the appeals board, is not only supported by the evidence and the law but was also a reasonable interpretation. As interpreted the statute requires that a disqualified claimant register five different weeks and thus meet the terms of the disqualification penalty provisions of the statutes. (See §§ 1256, 1260.)

Appellant makes the further contention that the trial court erred in not giving judgment in his favor on his claim for damages against the department.

After the adverse decision of the Unemployment Insurance Appeals Board, Fermin filed a petition for a writ of mandate to review the determination of the appeals board denying him unemployment insurance benefits for certain weeks. The respondent Department of Employment filed a demurrer to the petition. Fermin then filed a reply to the demurrer in which he asserted "Plaintiff is very angry because defendant is depriving plaintiff of his property rights, therefore plaintiff is asking $50,000 based on Tort Liability."

The trial court in its conclusions of law stated that plain-

tiff's demand in his reply to the demurrer should be denied. This ruling was correct.

It is to be noted that under section 1094.5 of the Code of Civil Procedure there is no provision for hearing and deciding matters not presented to the board. The review is limited as stated in the statute. The court was therefore correct in its conclusion ''That Plaintiff's demand in his Answer to Demurrer for Fifty Thousand Dollars ($50,000) should be denied and that Plaintiff should take nothing by reason thereof.''

The judgment is affirmed.

Pierce, P. J., and Van Dyke, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 22, 1963.

*Retired Presiding Justice of the District Court of Appeal sitting pro tempore under assignment by the Chairman of the Judicial Council.