[Civ. No. 28828. First Dist., Div. Two. Feb. 10, 1972.]

ALLEN J. HICKS, Plaintiff and Appellant, v.
GILBERT L. SHEFFIELD, as Director, etc., Defendant and Respondent.

442

## COUNSEL

Eugene M. Swann and Paul C. Rosenthal for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and Asher Rubin, Deputy Attorney General, for Defendant and Respondent.

## OPINION

THE COURT.—Appellant filed an application for unemployment insurance benefits and was declared ineligible for such benefits because he had been discharged by his employer for misconduct. Appellant failed to file an appeal within 10 days after mailing or service of notice of determina-

tion, as required by section 1328 of the Unemployment Insurance Code. A hearing before a referee was held on the sole issue of good cause to file a late appeal. The referee concluded that appellant, who was represented by counsel, failed to show good cause. The appeals board affirmed the referee's decision and the superior court denied appellant's petition for a writ of mandate to compel respondent to set aside the decision.

The record shows that the notice of determination stated on its face that the decision declaring appellant ineligible for unemployment benefits would be final unless an appeal was filed on or before a specified date, which was 10 days after mailing of the notice of determination. There is also some evidence that the eligibility interviewer informed appellant of his right to appeal. In addition, appellant was given a handbook that contained written instructions concerning his right to appeal. ■ Under these facts, this court cannot hold that appellant's asserted lack of understanding of the appeal procedure was sufficient, as a matter of law, to show good cause for a late appeal under section 1328. (Cf. *Perez* v. *Unemployment Ins. App. Bd.* (1970) 4 Cal.App.3d 62 [83 Cal.Rptr. 871]; *Fermin* v. *Department of Employment* (1963) 214 Cal.App.2d 586, 588 [29 Cal.Rptr. 642], cert. den. 375 U.S. 888 [11 L.Ed.2d 118, 84 S.Ct. 166].)

■ Nor did the procedure whereby appellant lost his right to a hearing on the merits of his eligibility deprive him of due process of law under the principles enunciated in *Goldberg* v. *Kelly* (1970) 397 U.S. 254 [25 L.Ed.2d 287, 90 S.Ct. 1011], and *California Human Resources Dept.* v. *Java* (1971) 402 U.S. 121 [28 L.Ed.2d 666, 91 S.Ct. 1347]. In those cases the claimants had been initially declared eligible for public assistance which was terminated without prior notice and a hearing. Here, appellant was initially declared ineligible for unemployment benefits. The fact that he lost his right to appeal the question of his eligibility to a referee because he failed to file a timely appeal did not deprive him of due process of law where he was given an opportunity, with the assistance of counsel, to show good cause for a late appeal.

The judgment is affirmed.

A petition for a rehearing was denied March 10, 1972, and appellant's petition for a hearing by the Supreme Court was denied April 6, 1972.