[Civ. No. 12665. Fourth Dist., Div. One. Feb. 27, 1974.]

JEAN C. YOUNG, Plaintiff and Respondent, v.
UNEMPLOYMENT INSURANCE APPEALS BOARD, Defendant and
Appellant;
SEARS, ROEBUCK & COMPANY, Real Party in Interest and Appellant.

**COUNSEL**

Jones, McCue, Hall & Genard and H. Warren Siegel for Real Party in Interest and Appellant.

Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, and Neal J. Gobar, Deputy Attorney General, for Defendant and Appellant.

Michael B. Harris for Plaintiff and Respondent.

**OPINION**

**AULT, J.**—Sears, Roebuck & Company, as real party in interest, appeals from a judgment of the superior court ordering a writ of mandate and requiring the California Unemployment Insurance Appeals Board to set aside its decision in an administrative proceeding entitled In the Matter of Jean C. Young, No. 71-7977. The decision of the board had, in turn, reversed the decision of its referee and held that Mrs. Young had voluntarily left her employment with Sears for other than a compelling reason and without good cause and that she was not entitled to unemployment insurance benefits. It also ordered her to return $25 she had received in benefits and relieved Sears' reserve account of any liability for charges under section 1032 of the Unemployment Insurance Code. The superior court judgment turned this about. Costs in the amount of $48.50 were taxed against Sears.

The board filed a cross-appeal "for the purpose of insuring a consistent determination as to both petitioner's rights to receive unemployment insurance benefits and the right to charge the employer's account therefor."

On appeal Sears contends (1) the evidence before the trial court (the record of the administrative hearing) shows as a matter of law that Mrs. Young voluntarily terminated her employment with Sears and is not entitled to unemployment insurance benefits, and (2) court costs should have been assessed against the board and not against Sears. The board takes a neutral position with respect to the controversy between Mrs. Young and Sears, arguing only that court costs were properly assessed against Sears by the trial court.

The facts are undisputed. Mrs. Young, a 20-year-old housewife, worked for Sears as a part-time sales clerk for approximately seven months and was

paid wages sufficient to qualify her for unemployment insurance compensation. Sears had an employment policy which required termination of female employees after six months of pregnancy. Mrs. Young informed her superior at Sears that she was pregnant and was given a company form to be filled out by her attending physician. On July 2, 1971 Mrs. Young visited her physician and he determined the expected date of birth to be October 9, 1971, and that she could physically work until October 1, 1971. On July 2, Mrs. Young submitted to Sears the doctor's statement containing this information and was advised she could not work beyond July 9, in accordance with company policy.

Mrs. Young had previously asked not to be scheduled for work on the July 4 weekend and her immediate supervisor had promised that she would not be scheduled for work on that weekend. As of July 2 she had been scheduled by Sears to work the entire month of July, including the weekend of July 4. On July 2, after Sears had informed Mrs. Young she could not work beyond July 9, under their policy, she asked her immediate supervisor to reschedule her hours because of the ruling that she could not work after July 9 and because of the error in scheduling her to work on the July 4 weekend. The supervisor promised to correct the errors in the schedule.

When Mrs. Young reported for work, as previously scheduled, on the evening of July 2, all supervisory personnel, including her immediate supervisor, had departed for the evening. Mrs. Young was informed that her name had been removed from the schedule for the remainder of July and another woman scheduled in her place. At first she contemplated telephoning her superior to protest the failure to schedule her for work after the July 4 weekend and until July 9, the date she had been told she must quit work. However, she changed her mind when the employee who had been scheduled in her place said that she needed the work. Mrs. Young made no attempt to work in the interim and applied for unemployment insurance benefits. She received one $25 payment before the department concluded her quitting had been voluntary and refused further payments.

DISCUSSION

In reviewing a decision of the California Unemployment Insurance Appeals Board, the superior court exercised its independent judgment on the administrative evidence (*Lacy* v. *California Unemployment Ins. Appeals Bd.*, 17 Cal.App.3d 1128, 1132 [95 Cal.Rptr. 566]). An appellate court, however, is confined to a narrower scope of review and must limit its inquiry to whether the superior court's findings are supported by substantial evi-

dence (*ibid.*, p. 1134). After the superior court has exercised its independent judgment on the evidence, all conflicts must be resolved in favor of the judgment and reasonable inferences must be drawn to uphold it. Where two or more reasonable inferences can be drawn from the evidence, an appellate court may not substitute its deductions for those of the superior court (*ibid.*, p. 1134).

These rules, together with section 1256 of the Unemployment Insurance Code govern this appeal. The pertinent part of section 1256 reads: "An individual is disqualified for unemployment compensation benefits if the director finds that he left his most recent work voluntarily without good cause or that he has been discharged for misconduct connected with his most recent work."

Sears focuses upon the single fact Mrs. Young did not question her supervisor's failure to schedule her for work between the July 4 weekend and July 9, the date she had been told she must quit work. It claims such conduct establishes that Mrs. Young voluntarily quit her job as a matter of law. ■ This contention ignores the undisputed evidence which shows it was Sears' policy to require all pregnant women employees to quit work after six months of pregnancy irrespective of their physical condition or ability to continue work beyond that time. (See *Douglas Aircraft Co.* v. *California Unemp. Ins. Appeals Board,* 180 Cal.App.2d 636, 642 [4 Cal. Rptr. 723], holding such terminations are not voluntary; see also *Cleveland Board of Education* v. *LaFleur,* 414 U.S. 632 [39 L.Ed.2d 52, 94 S.Ct. 791], holding similar employer requirements violate due process.) It also ignores the fact that Mrs. Young was told she could not work after July 9 and that it was a Sears' supervisor who failed to schedule her for work after July 2.

The best that can be said for Sears' position is that it is based upon but one of two possible inferences to be drawn from the evidence. Just as logical is the trial court's conclusion that Sears' policy and acts were the motivating factors in bringing about Mrs. Young's termination, and that she did not leave work voluntarily. Under the rules stated above, this court is bound by the trial court's reasonable characterization of the facts (*Lacy* v. *California Unemployment Ins. Appeals Bd., supra,* 17 Cal.App.3d 1128, 1135). Certainly we cannot say the conclusion urged by Sears follows as a matter of law from the facts proved.

■ We likewise reject Sears' claim that costs should have been assessed against the board. The controversy was between Mrs. Young and Sears; the board merely attempted to adjudicate the dispute between them. When

a state agency acts as the adjudicator of a dispute between two parties, we see no reason why court costs should be assessed against the agency merely because it is named as respondent in the superior court action. The situation is akin to that drawn in *Oksner* v. *Superior Court,* 229 Cal.App.2d 672, 690 [40 Cal.Rptr. 621], where costs were assessed against the real party in interest and not the court. Code of Civil Procedure section 1095 does not express a contrary intention.

The judgment and the order denying Sears' motion to tax costs are affirmed.

Brown, P. J., and Whelan, J., concurred.

A petition for a rehearing was denied March 4, 1974, and the opinion was modified to read as printed above. The petition of real party in interest and appellant for a hearing by the Supreme Court was denied April 24, 1974.