[Civ. No. 48538. Second Dist., Div. Five. Nov. 5, 1976.]

PIFIE M. MARTINEZ, Plaintiff and Appellant, v.
UNEMPLOYMENT INSURANCE APPEALS BOARD,
Defendant and Respondent.

**COUNSEL**

Robert Guerra for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Melvin R. Segal, Deputy Attorney General, for Defendant and Respondent.

**OPINION**

**ASHBY, J.**—Pifie M. Martinez (appellant) appeals from a judgment denying his petition for a writ of mandate requiring the California Unemployment Insurance Appeals Board (respondent) to set aside its decision that he had not shown good cause for his failure to file a timely appeal from a decision denying benefits.

■ Appellant had been employed by the Broadway Department Store as a commissary baker. His employment there was terminated on October 11, 1974. On November 21 he filed a claim for unemployment insurance benefits. On December 10, 1974, his claim was denied. Prior to receiving written notice of that denial, appellant had gone to the

Employment Development Department (formerly Department of Human Resources Development) for an interview and was informed that his claim had been denied. He requested an appeal form, but was told by the clerk to wait until he received the written notice of determination.[1] Appellant received the written notice of determination on December 12, 1974. The notification informed appellant that he was disqualified from receiving unemployment compensation benefits, and in bold-faced type on the front page it stated that: "ANY APPEAL FROM THIS NOTICE MUST BE FILED ON OR BEFORE DECEMBER 20, 1974, TO BE TIMELY."[2] On January 9, 1975, appellant filed his appeal.

On February 3, 1975, the hearing on that appeal was held before Referee Michael Weiss. Appellant testified that he had received the notice of determination but only read the middle part that said he was disqualified. He gave his reasons for not filing the appeal on time as follows:

"A. [Appellant] Both of them, well, they turned me down, you know, giving me the request to appeal. So I went home and then when I got the letter from them, two days later, you know, that was—I was still sort of mad about it, and you just read where I was disqualified, and I think it says, well, disqualified because I didn't call in, and so I just left it there and I said, 'Well, I'm going to appeal this,' and I had to move in between that time; and then my wife and kids got sick, down with the flu, so I had to take care of them.

"Q. [Referee] Do you know when they got sick?

"A. (NO AUDIBLE RESPONSE)

"Q. Was it—how soon after you got this paper, yellow paper, determination?

---

[1]This was not in accordance with the prescribed procedures. Paragraph 4 of section 1404.8 of the Field Office Manual provides as follows:

> "4. If disq assessed, tell clmnt written decision will be mailed to him unless disq has been satisfied. If clmnt wants to appeal immediately, then have 1080 typed before routing clmnt to supervisor."

[2]The notice also contained a statement in smaller full capital letters that a fuller description of appeal rights was set forth on the reverse side of the notice.

"A. Maybe about a week after that. Then the following week I moved.

"Q. How long were they sick?

"A. About three, four days.

"Q. Well, this was mailed on the 10th, and say you got it a couple days later after the determination—the 12th, and they got sick about three or four days after that would be about the 15th or 16th.

"A. Uh-huh.

"Q. And they were sick for four days, that would be to the 20th.

"A. Yeah, and—

"Q. And you moved?

"A. The rest of the time I had to look for a house, too, see? Because I had to move out of my other house."

Appellant's appeal was dismissed by the referee as untimely.[3] His appeal from that decision was affirmed by the Unemployment Insurance Appeals Board.[4]

The hearing on appellant's petition for a writ of mandate to order respondent to set aside its decision was held in superior court on November 20, 1975. The administrative record was received into

---

[3]In his decision dismissing the appeal as untimely, the referee stated: ". . . The claimant was informed by the department when he attempted to appeal on 12/10/74, prior to receiving the determination, to wait until he received the determination of the department. The claimant's family became ill for a period of four days and the claimant was busy looking for a house as he had to move, and thus, did not appeal once he received the determination. While the claimant was delayed by erroneous department instructions, the claimant did receive the determination in time and had every opportunity to file his appeal and simply did not do so as he placed a greater priority on looking for a house."

[4]The board, on April 8, 1975, held as follows:

"The claimant appealed from the referee's decision which dismissed the appeal as untimely filed.

"We have carefully and independently reviewed the record in this case and have considered the contentions raised on appeal. We find no material errors in the referee's statement of facts. The referee's reasons for decision properly apply the law to the facts. Therefore we adopt the referee's statement of facts and reasons for decision as our own.

"The decision of the referee dismissing the appeal is affirmed."

evidence by the court, which, after considering the matter and exercising its independent judgment, denied the peremptory writ and discharged the alternative writ of mandamus. The findings of fact and conclusions of law were made by the court based upon appellant's testimony at his administrative hearing.

The basic question presented by this appeal is whether the determination by the trial court that appellant did not show good cause for filing his appeal 20 days late is supported by substantial evidence. We hold that it is.

Unemployment Insurance Code section 1328 provided that a claimant who has been found ineligible for unemployment insurance may appeal to a referee within 10 days from mailing or personal service of notice of the determination. The 10-day period may be extended for good cause.[5]

Appellant acknowledges that there are no reported decisions directly in point but cites *Gibson* v. *Unemployment Ins. Appeals Bd.,* 9 Cal.3d 494 [108 Cal.Rptr. 1, 509 P.2d 945], and *Flores* v. *Unemployment Ins. Appeals Bd.,* 30 Cal.App.3d 681 [106 Cal.Rptr. 543], as being persuasive. In both those cases the appeal was filed three days late because of delays by the claimant's attorney. The Supreme Court in *Gibson* held: "On the undisputed facts of this case, we find not only that the trial court erred in following the board's restrictive construction of section 1328, but that, as a matter of law petitioner has shown 'good cause' for relief under that section. The delay in the case at hand was only three days. . . . [T]he calendaring error of petitioner's overburdened counsel constitutes the sort of error we have often found excusable; under the circumstances of this case, and in view of the remedial objectives and informal procedures of the Unemployment Insurance Code, we should not magnify that mistake to bar petitioner's right to a hearing on the merits." (*Id.,* at p. 501.)

In *Flores, supra,* the Court of Appeal affirmed the trial court's judgment in favor of the claimant on the following grounds: "Here we

_____

[5]Section 1328 provided in pertinent part as follows: "The claimant . . . may appeal [from the administrative determination] to a referee within 10 days from mailing or personal service of notice of the determination. The 10-day period may be extended for good cause."

Statutes 1975, chapter 979, section 1, amended this portion of section 1328 by substituting (1) "20 days" for "10 days"; and (2) "20-day" for "10-day."

have (1) a claimant who placed his appeal in the hands of an attorney the first day after the adverse administrative ruling, (2) an appeal one business day late because of the heavy caseload and shortage of stenographic help in the law office, and (3) a trial court finding in favor of the claimant." (30 Cal.App.3d at p. 685.)

The instant case is quite different. Here the claimant caused the delay himself. (See *Hicks* v. *Sheffield,* 23 Cal.App.3d 441 [100 Cal.Rptr. 274]; *Perez* v. *Unemployment Ins. App. Bd.,* 4 Cal.App.3d 62 [83 Cal.Rptr. 871]; *Fermin* v. *Department of Employment,* 214 Cal.App.2d 586 [29 Cal.Rptr. 642].) All he had to do was sign the notice of appeal form and mail it. By his own testimony, he had the form for approximately a week before his family became sick. We would prefer to have matters such as these determined on their merits; but on the undisputed facts of this case, it cannot be said that appellant has shown good cause as a matter of law. In reviewing the record, we find that the judgment of the trial court clearly is supported by substantial evidence. (*Lacy* v. *California Unemployment Ins. Appeals Bd.,* 17 Cal.App.3d 1128, 1135 [95 Cal.Rptr. 556]; *Young* v. *Unemployment Ins. Appeals Bd.,* 37 Cal.App.3d 606, 610 [112 Cal.Rptr. 460].)

Appellant's argument that respondent should be estopped to assert that this appeal was untimely because appellant was not given the appeal form on December 10, is totally without merit. The facts and circumstances do not support any element of estoppel. (See *LaRue* v. *Swoap,* 51 Cal.App.3d 543, 551 [124 Cal.Rptr. 329]; 7 Witkin, Summary of Cal. Law (8th ed. 1974) Equity, § 132, pp. 5351-5352.)

The judgment is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.

A petition for a rehearing was denied November 19, 1976, and appellant's petition for a hearing by the Supreme Court was denied February 17, 1977.