Filed 4/22/14  Rucker v. California Unemployment Ins. Appeals Bd. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)


| | |
|---|---|
| XENIA RUCKER,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CALIFORNIA UNEMPLOYMENT INSURANCE APPEALS BOARD,<br><br>    Defendant and Respondent. | C072303<br><br>(Super. Ct. No. 39-2012-00280238-CU-WM-STK) |


Xenia Rucker, appearing pro se, filed a petition for writ of administrative mandamus in the superior court to overturn a decision of the California Unemployment Insurance Appeals Board (the Board) denying her claim for unemployment compensation benefits.  The superior court denied the petition; Rucker appeals from the superior court's judgment denying the requested relief.[1]  We affirm.

---

[1]  The Board declined to file a respondent's brief.

BACKGROUND

Rucker worked as a communications operator for AT&T for 10 years. In December 2008, she accepted a separation package from AT&T and stopped working.

In January 2010, Rucker applied for unemployment insurance benefits. The Employment Development Department (EDD) concluded that Rucker was ineligible for unemployment benefits. Rucker challenged EDD's findings, and an administrative law judge (ALJ) conducted a hearing at which Rucker appeared. The ALJ determined that EDD correctly concluded that Rucker was disqualified from receiving benefits because she voluntarily left her most recent employment without good cause within the meaning of Unemployment Insurance Code section 1256.[2] [3] The ALJ reasoned that neither quitting a job to attend school, nor accepting an employer's financial incentives to retire, absent an immediate threat of layoff, constituted good cause for voluntarily leaving one's employment within the meaning of the statute. A copy of the ALJ's decision was mailed to Rucker on May 17, 2010, stating that the decision would be final unless appealed within 20 days.

Rucker appealed the ALJ's decision to the Board on September 17, 2011, more than a year after the decision had been rendered. She stated she wished "to submit new and additional evidence" to demonstrate her eligibility for unemployment insurance benefits. Good cause exists for her prior failure to produce the " 'Untimely

_____

[2] Unemployment Insurance Code section 1256 states in pertinent part: "An individual is disqualified for unemployment compensation benefits if the director finds that he or she left his or her most recent work voluntarily without good cause or that he or she has been discharged for misconduct connected with his or her most recent work."

[3] Further undesignated statutory references are to the Unemployment Insurance Code.

Documents,' " Rucker stated, because ". . . I was in court proceedings of an Unlawful Detainer action from January 2010 through April 2010, to try and prevent from becoming homeless. [Exhibits.] I began storing my personal belongings in March when I received the initial summons to appear. Subsequently, hardship became the factor. Therefore, at the time I was unable to research, I was unorganized and unprepared with the documentary evidence to appeal from the departmental determination. . . . On April 30, 2010, my son and I became homeless. From this point as a single parent, I was helping him to cope with something he was not use[d] to. The hardship and transition of not having our own place to live, I encouraged him to stay focused on his academics, athletics and to maintain his B Grade Point Average. In August, his Fall term he became a Senior in high school, at which time we were still homeless up until his graduation and currently until he went off to college. To this day I am currently homeless and have no income; however, I am diligently placing applications online and looking for work." Rucker also disputed the ALJ's determination that she voluntarily left her most recent employment without good cause. She concluded: "When I filed for Unemployment Compensation Benefits and to Appeal the department[']s determination, I was in crisis amid hardship, and forthcoming homelessness. I ask the Board to take a look at my situation in the past and presently, to allow for this information to be admitted to determine benefits that were initially claimed for and determine eligibility beginning with Benefit Year January 17, 2010."

The Board concluded Rucker's appeal was untimely because she filed it after the 20-day limitation period had expired (§§ 1328, 1334); consequently, it lacked jurisdiction to determine the merits of the appeal. "[Rucker] provided the following reason for not filing a board appeal within 20 calendar days from the issuance of the decision. [¶] [Rucker] asserts that she has been homeless since May 2010, to at least the day of her board appeal in September 2011. During this period [she] assisted her son in completing his high school education and getting off to college." However, Rucker's "reason for

3

delay in filing the board appeal does not constitute good cause based on the following. [¶] [Her] success in assisting her son in completing his high school education and getting off to college while homeless is certainly laudable. However, this also demonstrates that [Rucker] has not been completely helpless during the one-year and three-month period that [she] required to belatedly file her appeal to the board. In addition, [Rucker's] extensive appeal further demonstrates that [she] is well educated and that she possesses research skills and resources necessary to prepare a lengthy appeal. Other than [her] alleged homelessness, [Rucker] provides no grounds for her delay in filing her appeal to the board. In all, we find that [Rucker] did not establish good cause for her delay of more than one year to file her appeal to the board. Consequently, the deadline to file [her] appeal is not extended and [Rucker's] board appeal is dismissed as untimely."

Rucker then filed a petition for writ of administrative mandamus in the superior court. The court denied her petition, concluding that Rucker had been afforded a fair hearing and her appeal is untimely.

DISCUSSION

We review de novo the trial court's determination, on undisputed facts, of the propriety of the Board's ruling that Rucker failed to show good cause for filing her administrative appeal to the Board more than a year late. (See *Stermer v. Board of Dental Examiners* (2002) 95 Cal.App.4th 128, 132; cf. *MacGregor v. Unemployment Ins. Appeals Bd*. (1984) 37 Cal.3d 205, 211-212.)

The time limitation for filing an administrative appeal to the Board from the ALJ's determination that unemployment insurance benefits have been properly denied is contained in section 1334. That section states that the ALJ's decision, rendered "after affording a reasonable opportunity for fair hearing," shall be final "unless, within 20 days after mailing of such decision, further appeal is initiated to the appeals board." (§ 1334.) The 20-day limitation may be extended for good cause, which "shall include, but not be limited to, mistake, inadvertence, surprise, or excusable neglect." (§ 1334; accord,

4

§ 1328 [appeal to ALJ]; cf. Cal. Code Regs., tit. 22, § 5000, subd. (hh).)

Rucker asserts her failure to file a timely appeal with the Board was attributable to excusable neglect, and "there is an indefinite extension of time allowed for good cause." We disagree.

Although section 1334 does not set an outer limit on allowable extension of the 20-day limitation period that would otherwise apply, that does not mean courts have interpreted it to create an "indefinite" potential limitations period, as Rucker urges.

The concept of good cause "should not be enshrined in legal formalism" but it requires the sharing of a good reason for a party's failure to perform that specific requirement from which she seeks to be excused. (*County of Santa Clara v. Myers* (1983) 148 Cal.App.3d 684, 690.)

What constitutes "good cause" for filing a late appeal was the issue in *Gibson v. Unemployment Ins. Appeals Bd.* (1973) 9 Cal.3d 494 (*Gibson*), where a three-day delay in filing an appeal had occurred because of the heavy workload in a legal office. The California Supreme Court found "no justification for an administrative construction of [the applicable appeals limitation statute] to preclude relief in cases of brief, non-prejudicial delay arising from excusable error of counsel." (*Id*. at p. 496.) Other decisions that have considered "good cause" for filing a late appeal have tended to fall either into the *Gibson* category of de minimis delay (often caused by counsel), in which the delay was found to have been justified (e.g., *Flores v. Unemployment Ins. Appeals Bd.* (1973) 30 Cal.App.3d 681 [one day]; *United States Postal Service v. Unemployment Ins. Appeals Bd*. (1976) 63 Cal.App.3d 506 [three days]), or into the category of substantial delay without much justification, resulting in denial of the late appeal. (E.g., *Amaro v. Unemployment Ins. Appeals Bd*. (1977) 65 Cal.App.3d 715, 719 [one month]; *Fermin v. Department of Employment* (1963) 214 Cal.App.2d 586, 588 (*Fermin*) [three months]; *Perez v. Unemployment Ins. Appeals Bd*. (1970) 4 Cal.App.3d 62, 64-65 (*Perez*) [five months].)

This case falls into the latter category of a substantial delay after expiration of the limitations period, without much proffered justification.  Rucker was properly notified of the 20-day limitations period, yet delayed more than a year before filing her appeal with the Board.  She, not counsel (cf. *Gibson, supra,* 9 Cal.3d at p. 496), was responsible for the delay.  (See *Perez*, *supra*, 4 Cal.App.3d at p. 65 [claimant failed to timely appeal because he initially believed the decision was correct]; *Fermin*, *supra*, 214 Cal.App.2d at p. 588.)  And although Rucker explains she was homeless for some or all of the 15 months between the expiration of limitations period and her filing of an appeal with the Board, she does not contend she lost access to the documents relevant to her claim for benefits, or was otherwise prevented from filing a notice of appeal, and she never sought an extension of time within which to appeal to the Board.  Where the excuse for delay involved illness and housing problems, the Board's determination of lack of good cause has been upheld by the courts.  In *Martinez v. Unemployment Ins. Appeals Bd*. (1976) 63 Cal.App.3d 500, the petitioner filed his appeal 20 days late, and his excuses were illness in his family and the need to find another place to live.  In affirming the superior court's denial of petitioner's writ of mandate, the court focused on the fact that the petitioner caused the delay himself, noting:  "All he had to do was sign the notice of appeal form and mail it."  (*Id*. at p. 505.)

We would prefer to have matters such as these determined on their merits; but on the undisputed facts of this case, it cannot be said that Rucker has shown good cause, as a matter of law, to justify her delay of more than a year in filing her appeal with the Board.  (See *Martinez v. Unemployment Ins. Appeals Bd*. (1976) 63 Cal.App.3d 500, 505.)

6

## DISPOSITION

The judgment is affirmed.

                                  \_\_\_\_BLEASE_____, Acting P. J.

We concur:

\_\_\_\_HULL_____, J.

\_\_\_\_DUARTE_____, J.

7